
Marian F. Harrison
US Bankruptcy Judge

Dated: 6/9/2015



# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 314-05711 |
| JOHN TERRELL PHILLIPS, AND | ) |
| MARCIE GALE PHILIPS, | ) JUDGE MARIAN F. HARRISON |
| | ) |
| Debtors. | ) |
| | ) Chapter 7 |
| | ) |
| ROBERT H. WALDSCHMIDT, | ) ADV. NO. 314-90534 |
| CHAPTER 7 TRUSTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONSTAR MORTGAGE LLC, | ) |
| | ) |
| Defendant. | ) |

___

## OPINION
___

This matter is before the Court on the Chapter 7 Trustee's motion for sanctions against Nationstar Mortgage LLC (hereinafter "Nationstar"). For the following reasons, the Court finds that the Chapter 7 Trustee's motion should be granted.

# I. FACTS

The debtors filed their voluntary Chapter 7 petition on July 18, 2014, listing Nationstar as a first mortgage holder on their home. The Meeting of Creditors was set for August 13, 2014. Prior to that date, Nationstar had not filed a proof of claim nor provided the Chapter 7 Trustee with any documents which would either (1) verify that it had a claim against the debtors or (2) that such claim was perfected against property of the bankruptcy estate.

On August 18, 2014, the Chapter 7 Trustee sent a "Notice of Non-Compliance with Local Rule 3001-1" to Nationstar. The Notice specifically referenced a need to provide "proof that the claimant has the original of the note." In response to the Notice, Nationstar filed a Proof of Claim on September 11, 2014, attaching: (1) a copy of a Note made payable to Weststar Mortgage, Inc. (hereinafter "Weststar"), and endorsed in blank, (2) a Deed of Trust to MERS, as nominee for Weststar, and (3) a Corporate Assignment of Deed of Trust prepared by Nationstar, assigning the deed of trust to Nationstar. None of the documentation attached to the Proof of Claim established that Nationstar had the original Note in its possession or that Weststar or MERS assigned the Note to Nationstar.

Nationstar asserted that its proof of claim was sufficient to establish it had an allowable secured claim and refused to provide the original note or provide proof that the original note was in its possession to the Chapter 7 Trustee. Consequently, the Chapter 7

Trustee filed this adversary proceeding on November 24, 2014, to determine if Nationstar had an enforceable secured claim against the debtors' residence. The Chapter 7 Trustee served discovery requests upon Nationstar seeking proof that it was in possession of the original note, and Nationstar filed a motion for protective order. After a hearing, the Court denied Nationstar's motion on March 12, 2015.

On April 1, 2015, almost eight months after the Chapter 7 Trustee's request, and more than four months after this lawsuit was filed, Nationstar sent the Chapter 7 Trustee a "Supplemental Response" to the discovery requests, and, for the first time, that response included an Affidavit from Edward D. Russell, counsel for Nationstar, asserting that he was in possession of the original note executed by the debtors.

Subsequently, the Chapter 7 Trustee filed this motion to impose sanctions under LBR 3001-1. Specifically, the Chapter 7 Trustee requests that Nationstar be precluded from submitting any further proof concerning the note, other than what is contained in the proof of claim, and/or that reasonable attorney fees and expenses incurred by the Chapter 7 Trustee in pursuing this matter be awarded. A hearing on the Chapter 7 Trustee's motion was held on April 28, 2015, and the Court took the matter under advisement.

## II.  DISCUSSION

Pursuant to LBR 3001-1.(a), "when a claim, or an interest in property securing the claim, is based on a writing, the creditor or the creditor's authorized agent shall provide a copy of the writing to the trustee prior to the meeting of creditors.  If perfection of a security interest is claimed, the creditor shall provide proof of perfection and date of perfection to the trustee prior to the meeting of creditors."  When a creditor fails to comply with LBR 3001-1.(a), notice is sent by the trustee, and the creditor has 21 days in which to cure noncompliance.  If the creditor fails to timely provide the information required in LBR 3001-1.(a) to the trustee and fails to timely cure noncompliance, the bankruptcy court may impose either or both of the following actions:

> (a) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> (b) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

LBR 3001-1.(b)(1).

In deciding whether sanctions should be imposed, the Court must determine whether Nationstar's proof of claim was sufficient to satisfy the requirements of LBR 3001-1.(a).

## A. Legal Standard and Burden of Proof

Objections to claims are governed by 11 U.S.C. § 502(a), providing that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." A proof of claim filed in accordance with the rules "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

A party who objects to the claim "must present evidence rebutting the proof of claim by refuting at least one allegation that is essential to the legal sufficiency of the claim, after which the burden of proof shifts to the claimant to prove the claim's validity by a preponderance of the evidence." *In re Reed*, 492 B.R. 261, 264 (Bankr. E.D. Tenn. 2013) (citation omitted). Nevertheless, when a creditor fails to provide sufficient supporting documentation with its proof of claim, the result is the loss of the creditor's prima facie presumption of validity for its proof of claim. *In re Kemmer*, 315 B.R. 706, 713 (Bankr. E.D. Tenn. 2004) (citation omitted).

Where a claimant's standing is affirmatively challenged, that claimant must present at least some evidence to support its standing to proceed with the proof of claim. *See Veal v. Am. Home Mortg. Serv., Inc. (In re Veal),* 450 B.R. 897, 922 (B.A.P. 9th Cir. 2011) ("[I]f a claim is challenged on the basis of standing, the party who filed the proof of claim must

show that it is either the creditor or the creditor's authorized agent in order to obtain the benefits of Rule 3001(f).").

### B. Proof of Standing

"The real party in interest with respect to a mortgage proof of claim and enforcement of the rights of a mortgagee in a bankruptcy is the party entitled to enforce the note and its accompanying mortgage." ***In re Smoak***, 461 B.R. 510, 517 (Bankr. S.D. Ohio 2011) (citations omitted). In material part, the Tennessee Code, which follows the Uniform Commercial Code, defines "a person entitled to enforce" an instrument as "(i) the holder of the instrument, [or] (ii) a nonholder in possession of the instrument who has the rights of a holder[.]" T.C.A. § 47–3–301. A "holder" is the person "[i]n possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." T.C.A. § 47–1–201(b)(21)(A).

"If an endorsement is made by the holder of an instrument and it is not a special endorsement [payable to an identified person], it is a 'blank endorsement.' When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed . . . by writing, above the signature of the endorser, words identifying the person to whom the instrument is made payable." T.C.A. § 47–3–205(b), (c).

A "bearer" is defined as "a person in control of a negotiable electronic document of title or a person in possession of a negotiable instrument, negotiable tangible document of title, or certificated security that is payable to bearer or indorsed in blank." T.C.A. § 47-1-201(b)(5). Thus, "[w]hen an instrument carries a blank endorsement, it becomes payable to the 'bearer,' meaning whoever possesses the note." **Thompson v. Bank of Am., N.A.,** 773 F.3d 741, 749 (6th Cir. 2014) (citing T.C.A. § 47-3-205). "[A] person entitled to enforce the promissory note is a 'holder of the instrument.'" **Dunkle v. Bank of New York Mellon,** No. 3:11-cv-1242, 2013 WL 1910310, at *3 (M.D. Tenn. Apr. 16, 2013) (citing T.C.A. § 47–3–301).

Moreover, "the deed of trust follows the note. Whoever holds the note owns the deed." **Thompson,** 773 F.3d at 749 (citing **W.C. Early Co. v. Williams,** 135 Tenn. 249, 186 S.W. 102, 103–04 (1916); **Clark v. Jones,** 93 Tenn. 639, 27 S.W. 1009, 1010 (1894)). Thus, under Tennessee law, when a promissory note is payable to bearer, only the holder of the promissory note is entitled to enforce it. It follows that proof of possession confirms ownership of the deed.

Nationstar filed its proof of claim with a copy of a note endorsed in blank that only references Weststar, a copy of the Deed of Trust to MERS, as nominee for Weststar, and a copy of a Corporate Assignment of Deed of Trust prepared by Nationstar, assigning the deed to itself. This is not sufficient proof of perfection. When a note is endorsed in blank,

7 - U.S. Bankruptcy Court, M.D. Tenn.

"'[p]ossession is an element designed to prevent two or more claimants from qualifying as holders who could take free of the other party's claim of ownership.'" *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller),* 666 F.3d 1255, 1263 (10th Cir. 2012) (citation omitted). "[P]hysical possession is essential because it constitutes proof of ownership and a consequent right to payment." *Id.* at 1264.

This is consistent with opinions from other bankruptcy courts. In *In re Parrish*, 326 B.R. 708 (Bankr. N.D. Ohio 2005), the court noted:

> The relationships between and among these entities may be understood internally by [alleged assignee], but it is the claimant's burden to bring that information to the court. . . . If the claimant acquired the note and mortgage from the original lender or from another party who acquired it from the original lender, the claimant can meet its burden through evidence that traces the loan from the original lender to the claimant.

*Id.* at 720. *See also In re Doherty*, 400 B.R. 382, 383 (Bankr. W.D.N.Y. 2009) ("In the absence of sufficient proof of the ownership of a claim, . . . that proof of claim can and must be disallowed.); *Koontz v. Everhome Mort. Co. (In re Koontz)*, Bankr. No. 09-30024 HCD, Adv. No. 10-3005, 2010 WL 5625883, at *11 (Bankr. N.D. Ind. Sept. 30, 2010) ("The lack of a chain of title is [a] genuine issue which precludes summary judgment for the EverHome defendants."); *In re Burrow*, No. 3:09-bk-18876, 2011 WL 1103354, at *5 (Bankr. E.D. Ark. March 22, 2011) (chain of title to note was lacking until creditor filed second amended claim with endorsed note). In the present case, Nationstar did not provide adequate information

to the Chapter 7 Trustee until almost three weeks after this Court denied its motion for protective order.[1]

---

[1]The Court rejects the argument that because the note includes a waiver of presentment, Nationstar is not required to produce the note itself. "Presentment" is defined as a "demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument." T.C.A. § 47-3-501(a). "Upon demand of the person to whom presentment is made, the person making the presentment must (i) exhibit the instrument." T.C.A. § 47-3-501(b)(2). However, presentment for payment of an instrument is excused if "by the terms of the instrument presentment is not necessary to enforce the obligation of endorsers or the drawer" or "the drawer or endorser whose obligation is being enforced has waived presentment or otherwise has no reason to expect or right to require that the instrument be paid or accepted." T.C.A. § 47-3-504(a)(iii), (iv). In other words, "if by the terms of the promissory note the borrower has waived his right to presentment, the person or entity entitled to enforce the promissory note need not make a demand or produce the promissory note to enforce it." ***Christiansen v. Bank of Am.***, No. 3:11-cv-00935, 2013 WL 140264, at *2 (M.D. Tenn. Jan. 10, 2013).

Nationstar argues that it did not have to present the original note to the Chapter 7 Trustee because the note, signed by the debtors, includes "waiver of presentment" language. The Court finds that the waiver of presentment language in the note is irrelevant. First, whether a party has standing to file a proof of claim is a different issue from whether a creditor followed the necessary steps prior to foreclosure. *See Gibson v. MERS,* No. 11-2173-STA, 2012 WL 1601313, at *5 n.15 (W.D. Tenn. May 7, 2012) (citations omitted) (distinguishing legal right to foreclose from standing to file proof of claim in bankruptcy). The cases discussing presentment do stand for the proposition that when a note includes waiver language, presentment prior to foreclosure is not required. However, in these cases, there was sufficient proof before the court as to the status of the creditor. *See, e.g., **Donaldson v. BAC Home Loans Serv., L.P.,*** 813 F. Supp. 2d 885, 896 (M.D. Tenn. 2011) (no genuine dispute that note was transferred where defendant "produced copies of the Note and Allonge, including a color copy with blue-inked signatures, and Declarations from an employee and its counsel stating that it is in possession of the original documents and that the filed documents are true and correct copies."); ***Aurora Loan Servs., LLC v. Woody,*** No. W2014-00761-COA-R3-CV, 2014 WL 7463032, at *4, 10 (Tenn. Ct. App. Dec. 30, 2014) ("Taking all the facts in the record together, we conclude that there is no genuine dispute that [plaintiff] is the party entitled to enforce the Promissory Note.").

## C. Sanctions

As stated earlier, LBR 3001-1.(b) allows this court to sanction a creditor for failure to timely provide information, as required under LBR 3001-1.(a), by precluding the holder from presenting the omitted information and/or awarding reasonable expenses and attorney's fees caused by the holder's failure. Excluding Nationstar's proof of perfection, albeit late, would be too harsh under these circumstances where the Chapter 7 Trustee is now satisfied that Nationstar is in possession of the original note. However, the Court finds that attorney's fees and expenses are appropriate.

The Chapter 7 Trustee is responsible for collecting and reducing to money the property of the estate for the benefit of unsecured creditors. As the protector of the estate, the Chapter 7 Trustee should "examine proofs of claims and object to the allowance of any claim that is improper" if it would result in funds for creditors. *See* 11 U.S.C. § 704(a)(5). In the present case, the Chapter 7 Trustee was forced to incur significant expenses and attorney's fees contesting Nationstar's deficient proof of claim despite having provided Nationstar with numerous opportunities to supply the necessary information. This is a "no asset" case now that Nationstar has shown that it has a valid proof of claim, leaving the Chapter 7 Trustee with having spent considerable time and effort pursuing a possible asset, which would not have been necessary if Nationstar had simply provided information linking it to the Note before the Chapter 7 Trustee was compelled to file this adversary.

## III. CONCLUSION

Accordingly, the Court finds that the Chapter 7 Trustee's motion for sanctions should be granted and that he should be awarded attorney's fees and costs associated with the filing of this adversary proceeding upon the filing of an affidavit.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

11 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:14-ap-90534   Doc 31   Filed 06/09/15   Entered 06/09/15 12:34:40   Desc Main Document   Page 11 of 11